UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

VDARE FOUNDATION,

                Plaintiff,

v.

CITY OF COLORADO SPRINGS,
JOHN SUTHERS,

                Defendants.

## COMPLAINT

1. This action arises out of the refusal of defendants, the City of Colorado Springs, CO and its Mayor, John Suthers (Defendants) to provide city services, including police protection, for the Immigration Reform Conference ("Conference") that Plaintiff, VDare Foundation ("VDARE" or "Plaintiff") planned to host at the Cheyenne Mountain Resort. After the Conference became the subject of negative media attention, threats and planned protests, Defendants announced that they would not provide "any support or resources," for the Conference and its attendees, denouncing the event as "hate speech." Defendants' refusal to provide city services led to the Conference being cancelled. Defendants' actions deprived Plaintiff of its First Amendment rights to freedom of speech and assembly in violation of 42 U.S.C. § 1983.

## I. THE PARTIES

2. VDARE is a non-profit educational organization that is exempt from federal income taxation under IRC section 501(c)(3). It is based in Connecticut, and its

1

address is P.O. Box 211, Litchfield, CT 06759.  As is stated on the "about" page of its website (https://vdare.com/about), VDARE's mission is education on two main issues: first, the unsustainability of current U.S. immigration policy and second, whether the U.S. can survive as a nation-state.  VDARE does this through VDARE.com, VDARE Books, and through public speaking, conferences, debates and media appearances.

3. VDARE's founder, Peter Brimelow, is a well-known magazine editor, political commentator, columnist and author.  During the course of a long career that spans five decades, he has served as an editor and writer at the *Wall Street Journal*, *Financial Post*, *Macleans*, *Barrons, Fortune*, *Forbes*, *National Review*, and *MarketWatch*.  He is a recipient of the Gerald Loeb Award for Distinguished Business and Financial Journalism, was a media fellow at the Hoover Institution, and has been described as "a star of the conservative movement in the 2000's."[1]  He is the author of four well-regarded books, including *Alien Nation: Common Sense About America's Immigration Disaster* (1995), a national bestseller in the U.S., and *The Patriot Game: National Dreams and Political Realities* (1986), a book on Canadian politics that is credited with spurring the creation of the Reform Party of Canada in 1987 and exercising a profound influence on future Prime Minister Stephen Harper; *The Wall Street Gurus: How You Can Profit from Investment Newsletters*; and *The Worm in the Apple: How the Teacher Unions Are Destroying American Education.*

4. Since 1999, VDARE has published data, analysis and editorial commentary from a wide variety of writers of every race, religion, nationality and political affiliation who oppose current U.S. immigration policy and argue for

---

[1] Mathew Hayday, *So They Want Us to Learn French: Promoting and Opposing Bilingualism in English-Speaking Canada* (UBC Press 2015), at p. 176.

2

immigration control and reform. In doing so, VDARE seeks to influence public debate and discussion on the issues of immigration and the future of the United States as a viable nation-state. It has never advocated violence or any form of illegality. Its founder, Mr. Brimelow, is an immigrant, and its managing editor, James Fulford, is a foreign national. It counts foreign nationals, immigrants and members of racial and ethnic minorities among its strongest supporters, donors and contributors. It has published on the negative effect of uncontrolled immigration on racial minorities, including recently arrived immigrants. VDARE's editorial perspective in favor of limiting immigration is essentially the same as the position set forth by now-President Donald Trump in his August 15, 2015, speech on the issue.

5.     Defendant, the City of Colorado Springs, is a Colorado home rule municipality.

6.     Defendant John Suthers is the Mayor of Colorado Springs, CO. He is being sued in his personal capacity. Upon information and belief, he is a citizen and resident of Colorado. At all times relevant to this Complaint, he acted under color of Colorado and City of Colorado Springs law, in the course of his official duties, and pursuant to an official custom, policy or practice of the City of Colorado Springs.

## II. JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendants because they have minimum contacts with the State of Colorado.

8.     Jurisdiction is proper pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331, as this action involves claims arising out of the Constitution, laws and/or treaties of the United States.

9. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to the claim took place in this District.

10. On or about February 9, 2018, VDARE, through its attorney, provided formal notice to Defendants of its claim.

### III. FACTUAL ALLEGATIONS

11. On or about March 31, 2017, VDARE reserved the Cheyenne Mountain Resort for a conference event featuring guest speakers and activities of interest and learning on subjects related to its mission.  Cheyenne Mountain Resort was fully aware of VDARE and its mission, as well as the potential for media attention and possible protests arising from the Conference.

12. On August 14, 2017, Mayor John Suthers and the City of Colorado Springs issued a public statement referencing the announcement of VDARE's conference saying that:

> The City of Colorado Springs does not have the authority to restrict freedom of speech, nor to direct private businesses like the Cheyenne Mountain Resort as to which events they may host.  That said, I would encourage local businesses to be attentive to the types of events they accept and the groups that they invite to our great city.
>
> The City of Colorado Springs will not provide any support or resources to this event, and does not condone hate speech in any fashion.  The City remains steadfast in its commitment to the enforcement of Colorado law, which protects all individuals regardless of race, religion, color, ancestry, national origin, physical or mental disability, or sexual orientation to be secure and protected from fear, intimidation, harassment and physical harm.

13. The provisions of this statement indicating that "The City of Colorado Springs will not provide any support or resources to this event" amounted to a refusal to provide city services, including police protection, for the Conference due to, among other things, its controversial subject matter, VDARE's controversial viewpoints and published

4

content in opposition to current immigration policies, which Defendants termed "hate speech," and the negative media attention that the Conference had attracted. The fact that Defendants' statement was an announcement that it would not provide police protection is confirmed by a statement attributed by a reporter from Channel 7 in Denver, Colorado to the El Paso County Sheriff's Office that "its deputies would not be participating either unless their presence is requested by the Colorado Springs Police Department for some reason."[2]

14. The very next day, August 15, 2017, Cheyenne Mountain Resort issued a statement announcing that it would not host VDARE's Conference and cancelled its contract with VDARE. Up until Defendants' statement, Cheyenne Mountain Resort had been actively communicating and coordinating with VDARE about logistics and safety in connection with the Conference. In a subsequent published interview, Suthers publicly expressed satisfaction that the Conference had been cancelled.

15. Defendants were acutely aware that the mission and ideas of VDARE can be considered controversial. Defendants targeted VDARE for denial of city services, including police protection, because of its controversial ideas, mission and viewpoint.

16. Defendants decried VDARE and its planned Conference as "hate speech" and declared that the City of Colorado Springs would refuse to provide city services if VDARE held its Conference at the Cheyenne Mountain Resort as planned. In doing so, Defendants acted pursuant to an official policy, custom or practice of refusing to provide city services to organizations or individuals they deemed to practice "hate speech" and to individuals who wish to listen to such messages or participate in conferences, panels,

---

[2] Blair Miller, *Colorado Springs Mayor won't commit city assistance to upcoming white nationalist conference*, thedenverchannel.com, August 15, 2017.

demonstrations or other events that Defendants deem to include "hate speech."

17. Defendants intended to deprive VDARE of its rights under the First Amendment to freedom of speech, assembly and association. Given the nature of VDARE's work, and the controversy that it sometimes generates, Defendants either knew or should have known that VDARE's planned Conference might give rise to protests or unrest by those who may not agree with VDARE's purpose, viewpoints or statements. Defendants' promise that the City would not provide "any support or resources" to the Conference, given the obvious and foreseeable need for municipal police and fire services, had the effect of depriving VDARE of its First Amendment rights, chilling its speech on matters of public concern, and depriving VDARE and potential attendees of the Conference from communicating on important national issues such as immigration control and reform. By refusing to provide basic safeguards for the Conference in order to protect event sponsors and participants, Defendants deprived the Conference's sponsors and participants of their rights to peaceably assemble and debate issues of importance to themselves, to their community, and to the country as a whole.

## IV. LEGAL CLAIMS

### COUNT ONE: VIOLATION OF 42 U.S.C. § 1983

18. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

19. The actions of Defendants as described herein, while acting under color of state law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the rights to freedom of speech and freedom of association as guaranteed by the First

6

Amendment to the Constitution of the United States of America, equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America, and 42 U.S.C. §1983, in that Defendants unlawfully threatened to withhold city services based upon Plaintiff's speech and associations.

20. Defendants' actions, as described above, were objectively unreasonable in light of the facts and circumstances confronting them.

21. Defendants' actions, as described above, were motivated by an intent to harm Plaintiff.

22. Defendants' actions, as described above, were undertaken intentionally, willfully, and wantonly.

23. Defendants' conduct violated clearly established rights belonging to Plaintiff of which reasonable persons knew or should have known.

24. At all times, Defendants acted pursuant to an official municipal policy, custom or practice of the City of Colorado Springs that it would not "provide any support or resources," including police and fire services, parking, security and other basic municipal services, for any events or groups it deems to constitute, engage in or include "hate speech."  This policy, custom, or practice was not content-neutral either facially or in its application.  Instead, it targeted events, groups, and individuals for disfavored treatment based on the content of their speech.

25. There were no narrowly drawn, reasonable and definite standards guiding the discretion of City officials pursuant to this policy.  Moreover, this policy permitted the City to impose a "heckler's veto" on speech, based purely on the reaction (or anticipated reaction) of the public and/or certain listeners to the speech.

7

26. Plaintiff was targeted pursuant to this policy based on its speech, in violation of the First Amendment to the United States Constitution. It was also targeted based on its perceived or actual affiliations or associations, also in violation of the First Amendment. Defendants refused to "provide any support or resources" to Plaintiff and its Conference based on the content of VDARE's message and associations, and the viewpoints and messages that they believed would be expressed at the Conference.

27. Defendants also refused to "provide any support or resources" to Plaintiff and its Conference based on the perceived reaction of the public and/or individual listeners to VDARE's viewpoints and the perceived viewpoints and messages that would be expressed at the Conference.

28. Defendants' refusal to "provide any support or resources" to Plaintiff and its Conference was not based on any objective factors or articulated standards. Defendants provided no reasoned explanation for their absolute refusal to provide any municipal resources or support of any kind, including police and fire services, parking, and security, other than antipathy for the content of VDARE's message and viewpoints.

29. As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including deprivation of its First Amendment rights of free speech, assembly and association, loss of revenue from the planned conference, and negative publicity. Plaintiff has also suffered continuing loss and injury as a result of Defendants' unlawful actions. Defendants' actions have made it impossible for VDARE to conduct future conferences, discussions and events in Colorado Springs, as Defendants have made clear their position that VDARE, its sponsors and other associated individuals enjoy a disfavored status under the law.

30. Defendants acted with the specific intention of depriving Plaintiff of its constitutional rights. Defendants knew, or should have known, that their actions violated clearly established federal law. *See*, *e.g.*, *Forsyth County v. Nationalist Movement*, 505 U.S. 123 (1992).

## COUNT TWO: FIRST AMENDMENT RETALIATION CLAIM

31. Plaintiff re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein

32. A claim of retaliation for exercise of First Amendment rights requires proof of three elements: 1) that the plaintiff was engaged in constitutionally protected activity; 2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary fitness from continuing to engage in that activity; and 3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.[3]

33. Plaintiff here has a long history of engaging in activity protected by the First Amendment, including publishing, speaking, and engaging in debate. As a direct result of Plaintiff's prior speech, Defendants characterized Plaintiff's constitutionally protected activity as "Hate Speech," and urged local businesses to "be attentive to the types of events that they accept and the groups that they invite to our great city." These statements by Defendants directly link Plaintiff's speech to Defendants' motivations for their action.

34. Defendants furthermore stated that "The City of Colorado Springs will not provide any support or resources to this event." This decision by Defendants is an injury

---

[3] *Worell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

that certainly would chill a person of ordinary firmness from continuing to engage in this type of constitutionally protected activity in Colorado Springs, knowing that the City would not provide necessary city services for an event or group of whom they disapprove, solely because of the content of their speech.  As a result of Defendants' expressed disapproval of Plaintiff's speech and their expressed intention to take action against their speech, Plaintiffs have not attempted to arrange another conference to engage in such activity in Colorado Springs.

35. As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including deprivation of its First Amendment rights of free speech, assembly and association, loss of revenue from the planned conference, and negative publicity. Plaintiff has also suffered continuing loss and injury as a result of Defendants' unlawful actions.  Defendants' actions have made it impossible for VDARE to conduct future conferences, discussions and events in Colorado Springs, as Defendants have made clear their position that VDARE, its sponsors and other associated individuals enjoy a disfavored status under the law.

## V. PRAYER FOR RELIEF

36. Plaintiff demands such legal or equitable relief as provided by law, including, but not limited to, the following:

a. Compensatory damages of $1,000,000;

b. Punitive damages in an amount to be determined at trial;

c. Presumed damages;

d. An injunction forbidding Defendants from denying municipal services to entities or events based on their controversial viewpoints and affiliations;

10

e. Reasonable attorney fees and costs in bringing this action;

f. Prejudgment interest; and

g. Any other relief that this Court deems just and equitable.

Dated: December 21, 2018

                                         Respectfully submitted,

                                         */s/ Randy B. Corporon*

                                         _____
Randy B. Corporon, Colorado Reg. # 29861
LAW OFFICES OF RANDY B. CORPORON, P.C.
2821 S. Parker Rd., Ste. 555
Aurora, CO 80014
Tel: (303) 749-0062
Fax: (720) 836-4201
rbc@corporonlaw.com
**Attorneys for Plaintiff**

11